**ORIGINAL**

FILED IN CHAMBERS
U.S.D.C. Atlanta

JAN 5 2016

JAMES N. HATTEN, Clerk
By: [signature]
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
· ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>SVEN FRANSSEN | Criminal Indictment<br><br>No. 1:16-CR-0004 |

THE GRAND JURY CHARGES THAT:

**MONEY LAUNDERING CONSPIRACY**
(18 U.S.C. § 1956(h))

1. Between in or about August 2009 through in or about February 2012, in the Northern District of Georgia and elsewhere, the defendant, SVEN FRANSSEN, did knowingly combine, conspire, and agree with other persons known and unknown, including David-Manuel Santos Da Silva, a/k/a "Jake," a/k/a "Lusitano," and others, to conduct financial transactions affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, that is, wire fraud, in violation of Title 18, United States Code, Section 1343, with the intent to promote the carrying on of a specified unlawful activity, that is, wire fraud, and that while conducting and attempting to conduct such financial transactions knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i).

## Background

It was material to the conspiracy that:

2. "Affiliate marketing" is a type of business in which persons or companies, known as "affiliates," enter into formal or informal marketing agreements with companies to generate sales of the companies' products. In the internet context, affiliates earn commissions on sales to customers who purchase the companies' products from websites associated with the affiliate.

3. David-Manuel Santos Da Silva was the co-owner, President and a Director of 21 Celsius Inc., a Canadian corporation with its registered office in Montreal, Canada. Da Silva, through 21 Celsius Inc., operated an internet-based affiliate marketing website located at Marketbay.com.

4. Payments for products purchased through affiliate marketing websites with Marketbay.com were processed, at least in part, by Certo Business Solutions B.V. ("Certo"), also known as Multibill. Certo is a Dutch company owned and operated by SVEN FRANSSEN.

## Manner and Means of the Conspiracy

5. At least some of the products sold on affiliate marketing websites with Marketbay.com were promoted through fraudulent and illegitimate means. For example, Viet Quoc Nguyen, an affiliate with Marketbay.com, promoted a product for sale on his website called "Adobe Reader 10" that prominently featured the Adobe logo. In fact, the product being sold on Nguyen's affiliate

marketing website with Marketbay.com was not an Adobe-branded product and was not authorized for sale by Adobe.

6. SVEN FRANSSEN knew that affiliates working through Marketbay.com were promoting and selling products through false and fraudulent means. For example, FRANSSEN knew that certain software products sold by affiliates through Marketbay.com could be publicly downloaded elsewhere for free. FRANSSEN also knew that certain products being promoted for sale through Marketbay.com were not actually available to sell, or were being sold in violation of a copyright or trademark.

7. The products that were promoted by Marketbay.com affiliates through false and fraudulent means were sold to customers throughout the United States, including customers in the Northern District of Georgia, as well as to customers around the world.

8. At various times during the period of the conspiracy, FRANSSEN received warnings that his company was processing payments from the sale of products that were being promoted through false and fraudulent means. Despite these warnings, and on occasion directly in response to them, FRANSSEN advised and encouraged Da Silva and Da Silva's business partner to conceal and disguise the false and fraudulent nature of the product sales generated by affiliates working through Marketbay.com.

9. During the period of the conspiracy, FRANSSEN's company processed over $1.5 million in revenue generated from the sale of products that were falsely and

fraudulently promoted through Marketbay.com. The revenue processed by Franssen's company represented the proceeds of unlawful activity, specifically wire fraud, and was designed to promote the carrying on of unlawful activities.

All in violation of Title 18, United States Code, Section 1956(h).

## Forfeiture

10. As a result of committing the offense alleged in this Indictment, the Defendant, SVEN FRANSSEN, shall forfeit to the United States pursuant to Title 18, United States Code, Sections 981(a)(1)(A) and 982(a)(1) and Title 28, United States Code, Section 2461, all property, real and personal, involved in that offense and all property traceable to such property including, but not limited to, the following:

A. CORPORATE ENTITIES

1. Daurada Limited, a company registered in the Bahamas.
2. Daurada Properties LLC, a company registered in the State of Florida.

B. REAL PROPERTY

1. 5328 Mayfair Court, Cape Coral, Florida 33904, and all buildings, appurtenances, improvements, and attachments thereon, more particularly described as follows:

   Lots 43 and 44, Block 28, Cape Coral Subdivision, Unit 1, Part 2, according to the plat thereof recorded in Plat Book 11, Pages 29 to 36, inclusive, of the Public Records of Lee County, Florida,

   also:

By extending the lot line between Lots 42 and 43 a distance of 3.90 feet in the Westerly direction and by extending the lot line between Lots 44 and 45 a distance of 3.90 feet in the Westerly direction, the area enclosed between the back lot line of Lots 43 and 44 and the two extensions previously described connected by the water-face of the constructed seawall amounting to 312 square feet, more or less all in Block 28, Unit 1, Part 2 of that Cape Coral subdivision according to the plat thereof recorded in Plat Book 11, Pages 29-36, Public Records of Lee County, Florida.

C. PERSONAL PROPERTY

1. Watercraft "Flighin V", a 2008 commercial USH vessel registered at 24 feet in length, Hull Number USHA56DEA808, Vessel Number FL1641NV, registered in Florida on 06/10/2015.

11. If, as a result of any act or omission of FRANSSEN, any property subject to forfeiture:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

the United States intends, pursuant to Title 18, United States Code, Sections 982(b)(1); Title 21, United States Code, Section 853(p); and Title 28, United States Code, Section 2461(c) to seek forfeiture of any other property of said defendant up to the value of the forfeitable property.

A _____TRUE_____ BILL

_____
FOREPERSON

JOHN A. HORN
United States Attorney

_____
STEVEN D. GRIMBERG
Assistant United States Attorney
Georgia Bar No. 312144

_____
KELLY K. CONNORS
Assistant United States Attorney
Georgia Bar No. 504787

600 U.S. Courthouse
75 Spring Street, S.W.
Atlanta, GA 30303
404-581-6000; Fax: 404-581-6181