IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 1:16-CR-00004-TCB-JFK |
| | ) | |
| SVEN FRANSSEN | ) | |

### MOTION TO DISMISS BASED ON LACK OF JURISDICTION

COMES NOW, SVEN FRANSSEN, by and through counsel, and hereby files this Motion to Dismiss Based on Lack of Jurisdiction. In support of this filing, the undersigned shows as follows:

### RELEVANT BACKGROUND

On January 5, 2016, a grand jury serving in this District returned a one count Indictment against Sven Franssen. The Indictment alleges that Mr. Franssen conspired with others to commit a money laundering conspiracy offense under 18 U.S.C. § 1956(h).

More specifically, the allegations in the Indictment concern a purported "affiliate marketing" scheme perpetrated by David Da Silva and others. According to the Indictment, "[a]ffiliate marketing" is a type of business in which persons or companies, known as 'affiliates,' enter into formal or informal marketing agreements to generate sales of the companies' products." See Indictment at ¶

2. The Indictment describes how "[i]n the internet context, affiliates earn commissions on sales to customers who purchase the companies' products from websites associated with the affiliate." Id.

The Indictment alleges that David Da Silva co-owned a Canadian corporation known as 21 Celsius; according to the Indictment, it was through 21 Celsius that Da Silva operated an internet based affiliate website located at Marketbay.com. Id. at ¶ 3.

The Indictment further alleges that "[a]t least some of the products sold on affiliate marketing websites with Marketbay.com were promoted through fraudulent and illegitimate means." Id. at ¶ 5. The Indictment claims that these products were sold to customers around the world, including customers in the United States, and in the Northern District of Georgia. Id. at ¶ 7.

With respect to Mr. Franssen, the Indictment alleges that through a company owned by him, he processed some of the payments "for products purchased through affiliate marketing websites with Marketbay.com . . . ." Id. at ¶ 4. According the the Indictment, Mr. Franssen knew that affiliates working through Marketbay.com were promoting and selling products through false and fraudulent means. Id. at ¶ 6. Lastly, the Indictment claims that "[d]uring the period of the conspiracy, FRANSSEN'S company processed over $1.5 million in revenue generated from the sale of products that were falsely and fraudulently promoted through

Marketbay.com." Id. at ¶ 9.

## ARGUMENT

"It is a longstanding principle of American law that legislation of Congress, unless a contrary intent appears, is meant to apply only within the territorial jurisdiction of the United States." United States v. Belfast, 611 F.3d 783, 811 (11th Cir. 2010) (citation omitted). Here, with respect to the money laundering charge pending against Mr. Franssen, Congress has expressed a desire to apply this statute to extraterritorial acts in limited situations.

Specifically, 18 U.S.C. § 1956(f) provides as follows:

> There is extraterritorial jurisdiction over the conduct prohibited by this section if --
>
> (1)  the conduct is by a United States citizen or, **in the case of a non-United States citizen, the conduct occurs in part in the United States**; and
> (2)  the transaction or series of related transactions involves funds or monetary instruments of a value exceeding $10,000.

18 U.S.C. § 1956(f) (emphasis added).

Here, Sven Franssen is not a United States citizen. Consequently, in order to prosecute him in a federal court in the United States, the Government must show that he: (1) engaged in unlawful conduct that "occurr[ed] in part in the United States"; and (2) that the unlawful transactions involved funds of a value exceeding $10,000. Importantly, the extraterritorial jurisdiction provisions of § 1956(f) apply to all of the "conduct prohibited" by § 1956. See 18 U.S.C. § 1956(f) (emphasis

added) (stating that "[t]here is extraterritorial jurisdiction **over the conduct prohibited by this section if** . . . ."). Therefore, these provisions also unquestionably apply to the conspiracy offense set forth at § 1956(h).  Here, the Government cannot make the showing that it is required to make to establish extraterritorial jurisdiction over the conspiracy offense pending against Mr. Franssen.  Consequently, as explained in greater detail below, the pending charge against Mr. Franssen should be dismissed.

To date, § 1956(f) has not been interpreted by the Supreme Court or the Eleventh Circuit.  However, one district court from Louisiana has concluded that § 1956(h) does not require that the foreign defendant be physically present in the United States.  See United States v. Stein, Crim. A. No. 93-375, 1994 WL 285020, at *4-5 (E.D. La. June 23, 1994) (denying motion to dismiss money laundering charges for lack of jurisdiction based on the fact that a foreign citizen transferred funds from New Orleans to London and therefore acted "within the borders of the United States.").  Instead, under the reasoning of Stein, extraterritorial jurisdiction can be established if an individual acts "electronically or otherwise, within the borders of the United States."  Naturally, as the plain language of the statute makes clear, the acts "within the borders of the United States" must be "**conduct**

**prohibited by**" 18 U.S.C. § 1956.  18 U.S.C. § 1956(f) (emphasis added).[1]

In Stein, the requirement of acting "within the borders" was met because the defendant transferred proceeds from a mail fraud scheme from a location in New Orleans to a location in London.  Stein, 1994 WL 285020 at *1-7.  Therefore, because Stein initiated an unlawful transfer of funds "from a place within the United States to [a] place outside the United States," the court found that a portion of the unlawful "conduct occurred in this country."  Stein, 1994 WL 285020 at *5.[2]

Assuming arguendo that Stein correctly analyzed § 1956(h), a review of the Indictment reveals that the Government cannot establish extraterritorial jurisdiction here.  First, there is no question that the Indictment fails to allege that Mr. Franssen

---

[1] In a money laundering conspiracy case that does not involve application of the extraterritorial jurisdiction doctrine, the Government is not required to prove that any conduct occurred, other than the unlawful agreement, coupled with the requisite intent. However, when the Government seeks to establish extraterritorial jurisdiction over a non-United States citizen, the plain language of the statute requires the Government to prove that the prohibited conduct of the foreign citizen "occurr[ed] in part in the United States" and that "the transactions or series of related transactions involves funds . . . of a value exceeding $10,000."  18 U.S.C. § 1956(f)(1).

[2] In an unreported decision, The Honorable Timothy C. Batten appeared to adopt Judge Hagy's view that the reasoning in Stein is persuasive. United States v. Galvis-Pena, No. 1:09-cr-25-TCB-CCH, 2012 WL 425240, at *1-4 (N.D. Ga. Feb. 9, 2012) This was done, however, without any objection from the defendant to the "general proposition" discussed in Stein.  Id. at *3.  Although our view is that the phrase "occurs in part in the United States" should be read to include physical presence in the United States by the foreign actor, as explained in detail below, the Court need not reach that issue here, because even under Stein, the instant charges are due to be dismissed against Mr. Franssen.

was physically present within the United States, either in connection with the instant charge, or otherwise. Second, unlike in Stein, there is no claim that Mr. Franssen acted electronically "within the borders of the United States." Stein, 1994 WL 285020 at *5.

Again, according to the Indictment, Da Silva co-owned a "Canadian corporation with its registered office in Montreal, Canada." See Indictment at ¶ 3. The Indictment claims that it was through this Canadian corporation that Da Silva (and possibly others) operated an internet-based affiliate marketing website located at Marketbay.com. Id. As noted above, the Indictment alleges that "[a]t least some of the products sold on affiliate marketing websites with Marketbay.com were promoted through fraudulent and illegitimate means." Id. at ¶ 5. In addition, those products were allegedly sold to customers around the world, throughout the United States, and within the Northern District of Georgia. Id. at ¶ 7.

With respect to Mr. Franssen, the Indictment claims that his "company processed over $1.5 million in revenue generated from the sales of products that were falsely and fraudulently promoted through Marketbay.com." Id. at ¶ 9. According to the Indictment, this "revenue" represented the proceeds of unlawful activity, specifically, wire fraud . . . ." Id.

Significantly, at no point does the Indictment allege – nor could it – that Mr. Franssen acted "within the borders of the United States[,]" as required by Stein.

Stein, 1994 WL 285020 at *5.  In fact, the Indictment itself recognizes that Mr. Franssen's company is a "Dutch company" and there is no allegation (or evidence) that this company held bank accounts here, established an office here, or conducted any business within the United States.  Instead, the Government must concede that this company operated wholly outside the United States.  Simply put, even under Stein, the instant Indictment fails to establish that Mr. Franssen engaged in conduct that occurred "in part in the United States . . . ."  18 U.S.C. § 1956(f).

## **CONCLUSION**

Based on the foregoing, the Government is unable to establish extraterritorial jurisdiction over Mr. Franssen.  Accordingly, for these reasons, this Court should grant this Motion and dismiss the Indictment pending against Mr. Franssen.

Respectfully submitted this 8th day of June, 2016.

                                                */s/ W. Carl Lietz III*
                                                W. Carl Lietz III
                                                Georgia State Bar No. 452080
                                                ATTORNEY FOR SVEN FRANSSEN

Kish & Lietz, P.C.
225 Peachtree Street, NE
1700 South Tower
Atlanta, Georgia 30303
404-588-3991; Fax 404-588-3995
carl@law-kl.com

CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the foregoing filing into this District's ECF System, which will automatically forward a copy to counsel of record in this matter.

Dated: This 8th day of June, 2016.

>*/s/ W. Carl Lietz III*
> W. Carl Lietz III
> Georgia State Bar No. 452080
> ATTORNEY FOR SVEN FRANSSEN

Kish & Lietz, P.C.
225 Peachtree Street, NE
1700 South Tower
Atlanta, Georgia 30303
404-588-3991; Fax 404-588-3995
carl@law-kl.com